UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARMEN BOYD,

    Plaintiff,

v.

                            Case No. 21-cv-350-pp

ANDREW M. SAUL,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

    The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

    To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

    Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she is not married, and she has a fifteen-year-old daughter she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff lists monthly income of $608 from W2, $486 from Food Share, and $586 in Social Security benefits from her daughter's father, for a total of $1,680 per month.

1

Id. at 2. The plaintiff's monthly expenses total $1,459 ($257 rent, $150 credit card payments, $965 other household expenses, $87 life insurance). Id. at 2-3. The plaintiff owns a 2004 Chrysler Seabring, worth approximately $1,000; she does not own a home or any other property of value; and she has $12 cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The complaint indicates that the Commissioner of the Social Security Administration denied Social Security benefits to the plaintiff for lack of disability, that the plaintiff is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits were not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for

2

the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 19th day of March, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:21-cv-00350-PP   Filed 03/19/21   Page 3 of 3   Document 5